422 P.2d 190

ABC LAND CORPORATION, an Arizona corporation, Petitioner,

v.

SUPERIOR COURT OF MARICOPA COUNTY, Arizona, William A. Holohan, Judge thereof, Edward G. Flint, Andrew Nielson, Edwin Lincoln, and Tolleson Sand & Rock, Inc., Respondents.

No. 1 CA–CIV 519.

Court of Appeals of Arizona.

Jan. 13, 1967.

Raymond Huffsteter, Phoenix, for petitioner.

Jennings, Strouss, Salmon & Trask, by Rex H. Moore, William R. Jones, Jr., Phoenix, for respondents.

CAMERON, Chief Judge.

This is a writ of certiorari to review the lawfulness of an order of the Superior Court of Maricopa County, William A. Holohan, presiding, declaring a mistrial in the above entitled matter.

The facts as admitted by the pleadings and the affidavits filed herein are as follows: Alan Philip Bayham, a member of the Bar of the State of Arizona and the Maricopa County Bar, was the attorney for the ABC Land Corporation, in a suit against the respondents and real parties in interest, Edward G. Flint, Andrew Nielson, Edwin Lincoln, and Tolleson Sand and Rock, Inc. The president of ABC Land Corporation was Charles Bayham, the father of Alan Philip Bayham.

On 7 November 1966, a Monday, the matter came on for trial before the respondent Judge of said court, sitting with a jury. On that day, the plaintiff's case was presented and plaintiff had rested. The defendants presented two witnesses and the cause was recessed until Wednesday, 9 November 1966, at 9:30 a. m. Charles Bayham, president of ABC Land Corporation, had testified in that cause as a witness for the plaintiff.

During the night of 7 November 1966, Charles Bayham died in his sleep, and on 8 November 1966, the respondent Judge was so notified. The affidavit of the respondent Judge states, that after being advised of the death of Charles Bayham:

"Affiant believed at said time that opposing counsel would stipulate to a reasonable continuance of the trial of the matter, thereby eliminating any subsequent contentions as to such continuances between the parties and their counsel. Affiant at no time intended to force plaintiff's counsel to trial on the day of his father's funeral and would not have done so regardless of whether or not defense counsel stipulated to a continuance.

"In the afternoon of November 8th, affiant called the office of Mr. Alan Bay-

ham and spoke to the same's secretary, and she reported that Mr. Biaett, one of the opposing attorneys, was agreeable to a continuance, but she also reported that Mr. Jones, the other opposing attorney, while not objecting to the idea of delay, was requesting that a mistrial be declared. At that time the secretary advised that she had not been in touch with Mr. Bayham to determine whether he was agreeable to having a mistrial declared. Affiant requested that he be advised as soon as anything was learned.

"On the morning of November 9th, 1966, affiant was advised by the Clerk that Mr. Bayham was not agreeable to a mistrial and wanted only a continuance.

"It was affiant's feeling at the time that defendants could not, under the circumstances, receive a fair and impartial trial by the jury where the president of plaintiff and a material witness whose credibility would be subjected to attack had so recently died and his son as counsel in the case would, of course, be defending the credibility of the testimony of his deceased father.

"It was also affiant's feelings that there was no just reason for incurring additional time and jury fees when your affiant felt in the exercise of his judicial discretion the circumstances required the declaration of a mistrial. Affiant therefore declared a mistrial and excused the jury."

A partial transcript of the proceedings shows the following took place on 9 November 1966, commencing at 9:35 a. m.:

"The Court: The record may note the presence of the jury.

Over the recess Mr. Bayham, Sr., one of the individual plaintiffs in this lawsuit, as some of you may know, died. And in view of that circumstance, we, of course, can not try the case today; and, also, because of the effect, I am sure, of such an event would have on your deliberations I have declared a mistrial in this case and granted the motion of the party defendants for a mistrial, which will then relieve you of the burden of deciding the case.

There are certain things that we have, as a matter of experience, found that there are certain items that are just too much to ask people to overcome. Now you would have to judge the credibility of the witnesses, and I am sure it would be most difficult for you to pass judgment on an individual who passed on and where his son is trying the lawsuit. So in view of these circumstances I am taking that responsibility off of your shoulders."

The record indicates that Mr. Alan P. Bayham was not present at these proceedings. The funeral of Charles Bayham was held at 9:00 a. m. on 9 November 1966, and the said Alan Bayham was attending the funeral of his father at the time these proceedings transpired.

Had proper motions been made and heard at a proper time, the court, in its discretion, could well have granted same. We do believe, however, that the actions of the court in granting the defendants' motion for a mistrial at a time when plaintiff's counsel could not reasonably be expected to be heard, constitutes a gross abuse of that court's discretion, and were we able to grant relief to the petitioner, we would most certainly do so. Unfortunately, this case is somewhat like Humpty-Dumpty, and cannot be put "back together again". The jury has already been notified by the court of the death of Mr. Bayham which they may or may not have known at that time, and they have been discharged. These and other matters make it impossible for us to grant the relief requested by the petitioner, regardless of how strongly we may feel concerning the impropriety of the court's action in this case.

Petition denied.

DONOFRIO, and STEVENS, JJ., concur.